UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK MACK MCCLOUD,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY SHERIFF DEPT., PAUL A PASTOR, ALLEN O'NEILL, KAREN DANIELS, CITY OF TACOMA,<br><br>    Defendants. | CASE NO. 3:16-CV-05098-BHS-DWC<br><br>ORDER ON MOTION FOR APPOINTMENT OF COUNSEL |

  The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion to Recruit the Assistance of an Attorney Pursuant to § 1915 ("Motion for Appointment of Counsel"). Dkt. 7. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion for Appointment of Counsel and Declaration, he states his case is complex because it involves several legal issues and several defendants and his incarceration limits his ability to investigate this action. Dkt. 7. After review of the record, the Court finds this case does not involve complex facts or law. Further, Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion for Appointment of Counsel is denied without prejudice.

Dated this 23rd day of March, 2016.

David W. Christel
United States Magistrate Judge