UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK MACK MCCLOUD, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY SHERIFF DEPT., PAUL A PASTOR, ALLEN O'NEILL, KAREN DANIELS, CITY OF TACOMA, <br><br> Defendants. | CASE NO. 3:16-CV-05098-BHS-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: May 13, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Mark Mack McCloud, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendant City of Tacoma's Motion to Dismiss ("Motion to Dismiss").

The Court concludes Plaintiff has failed to state a claim against Defendant City of Tacoma ("City of Tacoma") showing his constitutional rights were violated under § 1983.

1 Accordingly, the Court recommends the Motion to Dismiss be granted and the City of Tacoma
2 be dismissed from this action.

## BACKGROUND

Plaintiff, a pre-trial detainee at the Pierce County Jail during the relevant time, alleges his rights were violated when Defendant Allen O'Neill, a Pierce County Sheriff's Deputy, assaulted Plaintiff and refused to provide Plaintiff with medical care after the assault. Dkt. 6. Plaintiff also alleges: (1) Defendant Paul Pastor, the Pierce County Sheriff, failed to take proper disciplinary action to protect detainees; (2) Defendant Karen Daniels, Chief of Corrections of the Internal Affairs Division of Pierce County, failed to compel the state to prosecute Defendant O'Neill; and (3) Defendant Pierce County breached its duty to protect Plaintiff. *Id.* at pp. 14-15. Plaintiff names the City of Tacoma as a Defendant in the caption of his Complaint; however, he does not include any allegations regarding the City of Tacoma in the remaining Complaint. *See* Dkt. 6.

The City of Tacoma filed the Motion to Dismiss on March 17, 2016. Dkt. 12. Plaintiff filed a Response to the Motion to Dismiss on April 11, 2016, and the City of Tacoma filed a Reply on April 12, 2016. Dkt. 21, 22.

## STANDARD OF REVIEW

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

The City of Tacoma argues Plaintiff failed to allege any facts in the Complaint showing it is liable for the alleged constitutional violations. Dkt. 12. Plaintiff asserts the City of Tacoma is liable because Plaintiff was housed in the Pierce County Jail, which is located in Tacoma, Washington. *See* Dkt. 21.

To state a claim against a municipality, Plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, Plaintiff's civil rights, or showing the

municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipality liability under § 1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). The Supreme Court has emphasized the unconstitutional acts of a government agent standing alone cannot lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell*, 436 U.S. at 692.

Here, the Complaint names the City of Tacoma in the caption of the case, but Plaintiff fails to name the City of Tacoma in the body of the Complaint or state any factual allegations or claims against the City of Tacoma. Dkt. 6. Plaintiff does not allege the City of Tacoma established a policy which amounted to deliberate indifference and was the moving force behind the alleged constitutional violations. Plaintiff has therefore failed to allege facts showing the City of Tacoma is liable under § 1983. Accordingly, the Court recommends the City of Tacoma's Motion to Dismiss be granted.

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Here, Plaintiff was detained in the Pierce County Jail and is suing Pierce County employees. *See* Dkt. 6. The City of Tacoma and Pierce County are two separate municipalities and the factual allegations supporting Plaintiff's Complaint do not implicate the City of Tacoma in any manner. The Court finds Plaintiff cannot cure the deficiencies of his Complaint as to any potential claims

1  against the City of Tacoma. Therefore, the Court finds Plaintiff should not be given leave to
2  amend his Complaint as this time.[1]

3  **CONCLUSION**

4  For the foregoing reason, the Court finds Plaintiff has failed to a state claim for which
5  relief can be granted as to the City of Tacoma. The Court also finds the deficiencies of Plaintiff's
6  claims against the City of Tacoma cannot be cured. Therefore, the Court recommends the City of
7  Tacoma's Motion to Dismiss be granted and the City of Tacoma be dismissed from this action.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
9  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
10 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
11 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
12 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 13,
13 2016, as noted in the caption.

14 Dated this 28th day of April, 2016.

David W. Christel
United States Magistrate Judge

---

[1] Plaintiff requests leave to amend his Complaint because he has stated a claim against Pierce County, Pierce County Sheriff's Department, Paul Pastor, and Karen Daniels. Dkt. 21, p. 14. Plaintiff has named these Defendants in his Complaint and a Motion to Dismiss has been filed on behalf of these Defendants. *See* Dkt. 6, 23. Granting Plaintiff leave to amend as to Defendants Pierce County, Pierce County Sheriff's Department, Pastor, and Daniels is premature. The Court will determine if Plaintiff should be granted leave to amend regarding the allegations pled against these four Defendants when considering their Motion to Dismiss.