UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MACK MCCLOUD,

    Plaintiff,

v.

PIERCE COUNTY SHERIFF DEPT.,
PAUL A PASTOR, ALLEN O'NEILL,
KAREN DANIELS,

    Defendants.

CASE NO. 3:16-CV-05098-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: June 24, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Mark Mack McCloud, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendants Pierce County, Paul Pastor, and Karen Daniel's Motion to Dismiss ("Motion to Dismiss"). Dkt. 23.[1,2]

---

[1] Defendant Allen O'Neill filed an Answer on April 18, 2016. Dkt.25. The City of Tacoma was dismissed from this case on May 23, 2016. Dkt. 33. The remaining Defendants, Pierce County, Paul Pastor, and Karen Daniels, filed the pending Motion to Dismiss. *See* Dkt. 23.

[2] Plaintiff's Motion for Production of Documents (Dkt. 32) is also pending in this action. This motion will be addressed in a separate order by the Court.

REPORT AND RECOMMENDATION - 1

The Court concludes Plaintiff has failed to state a claim for which relief can be granted as to the allegations against Defendants Pierce County, Pastor, and Daniels. Accordingly, the Court recommends the Motion to Dismiss be granted. The Court further recommends Plaintiff be given leave to file an amended complaint as to Defendants Pastor, Pierce County, and Allen O'Neill.

**BACKGROUND**

Plaintiff, a pre-trial detainee at the Pierce County Jail during the relevant time, alleges his rights were violated when Defendant Allen O'Neill, a Pierce County Sheriff's Deputy, assaulted Plaintiff and refused to provide Plaintiff with medical care after the assault ("alleged assault"). Dkt. 6. Plaintiff states Defendants Paul Pastor, the Pierce County Sheriff, Karen Daniels, Chief of Corrections of the Internal Affairs Division of Pierce County, and Pierce County failed to take action to protect Plaintiff and prosecute Defendant O'Neill after the alleged assault occurred. *Id*. at pp. 14-15.

Defendants Pierce County, Pastor, and Daniels filed the Motion to Dismiss on April 18, 2016. Dkt. 23. On the same date, these Defendants served Plaintiff with a copy of the Motion to Dismiss. *See id*. at p. 11; Dkt. 24. Plaintiff did not file a response to the Motion to Dismiss, and on May 13, 2016, Defendants Pierce County, Pastor, and Daniels filed a Reply stating Plaintiff had not responded to their Motion to Dismiss. *See* Dkt. 30.

**STANDARD OF REVIEW**

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

REPORT AND RECOMMENDATION - 2

1  
2        reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

      A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

      While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

      In his Complaint, Plaintiff alleges: (1) Defendant Pastor failed to take proper disciplinary action to protect detainees in violation of Plaintiff's First and Fourteenth Amendment rights; (2) Defendant Daniels failed to compel the state to prosecute Defendant O'Neill; and (3) Defendant Pierce County breached its duty to protect Plaintiff. Dkt. 6. Defendants Pastor, Daniels, and

1  Pierce County maintain Plaintiff failed to state a claim for which relief can be granted as to the
2  claims alleged against them. Dkt. 23.

3  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
4  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
5  the violation was proximately caused by a person acting under color of state law. *See Crumpton*
6  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
7  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
8  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually
9  named defendants caused, or personally participated in causing, the harm alleged in the
10 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

11 **I.     Defendant Pastor**

12 Plaintiff alleges Defendant Pastor violated his Fourteenth Amendment rights when he
13 failed to protect Plaintiff from being assaulted by Defendant O'Neill. Dkt. 6, p. 14-15. Plaintiff
14 also maintains Defendant Pastor's refusal to punish Defendant O'Neill violated Plaintiff's First
15 Amendment right to be free from retaliation. *Id.* at p. 14.

16     A.  <u>Fourteenth Amendment Violation</u>

17 Plaintiff alleges he was a pretrial detainee at all times relevant to this case. *See* Dkt. 6. As
18 such, conditions of confinement imposed on him are governed by the Fourteenth Amendment
19 Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d
20 1124, 1128 (9th Cir. 1998). "Because pretrial detainees' rights under the Fourteenth Amendment
21 are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same
22 standards." *Frost*, 152 F.3d at 1128; *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th
23 Cir. 1991).

24

REPORT AND RECOMMENDATION - 4

1    The Eighth Amendment requires prison officials to take reasonable measures to
2 guarantee the safety of prisoners. *Farmer*, 511 U.S. at 834. Prison officials have a duty to protect
3 prisoners from violence. *Id.* at 833. However, not every injury suffered by a prisoner at the hands
4 of another is a violation of a prisoner's constitutional rights. *Id.* at 834.
5    In cases alleging a constitutional violation based on a failure to prevent harm, the plaintiff
6 must first meet an objective component by showing "he is incarcerated under conditions posing a
7 substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232,
8 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison
9 official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834;
10 *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s]
11 the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison
12 official cannot be found liable under the Eighth Amendment . . . unless the official knows of and
13 disregards an excessive risk to inmate health or safety; the official must both be aware of facts
14 from which the inference could be drawn that a substantial risk of serious harm exists, and he
15 must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074,
16 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have
17 perceived but did not," therefore, cannot "be condemned as the infliction of punishment."
18 *Farmer*, 511 U.S. at 838.
19    Here, Plaintiff alleges he informed Defendant Pastor of the alleged assault after it
20 occurred. *See* Dkt. 6, p. 15. Plaintiff does not provide specific allegations regarding the
21 information he provided to Defendant Pastor; he simply states Defendant Pastor failed to protect
22 Plaintiff "when Plaintiff informed [him] of the assault." *Id*. There are no allegations Defendant
23 Pastor was aware Plaintiff faced an excessive risk of harm at the hands of Defendant O'Neill
24

1  prior to the alleged assault. *Id*. Further, Plaintiff does not allege he was assaulted or faced an

2  excessive risk of harm by Defendant O'Neill after the alleged assault occurred. Rather, the

3  alleged assault was investigated and Defendant O'Neill was punished. *Id*. at pp. 7-9. The

4  Complaint fails to allege facts showing Defendant Pastor acted with deliberate indifference to an

5  objectively serious risk of harm faced by Plaintiff.

6        Accordingly, the Court recommends the Motion to Dismiss be granted as to the failure to

7  protect claim alleged against Defendant Pastor.

8        B.  <u>First Amendment Retaliation</u>

9        To prevail on a retaliation claim, a plaintiff must allege and prove the defendants

10  retaliated against him for exercising a constitutional right and the retaliatory action did not

11  advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v.*

12  *Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for

13  retaliation for engaging in protected speech must allege "the type of activity he engaged in was

14  protected under the first amendment and that the state impermissibly infringed on his right to

15  engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir.1983). In order to

16  establish a retaliation claim, an inmate must show: (1) a state actor took some adverse action

17  against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the

18  adverse action chilled the inmate's exercise of First Amendment rights; and (4) the adverse

19  action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d

20  559, 567–68 (9th Cir.2005); *see Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012).

21        Plaintiff contends Defendant Pastor refused to protect Plaintiff from assaults by jail

22  officers out of retaliation because Plaintiff petitioned Pierce County to punish Defendant

23  O'Neill. Dkt. 6, p. 14. Plaintiff first has not alleged facts showing Defendant Pastor failed to

24

protect Plaintiff. *See* Section I.A., *supra*. Plaintiff alleges Defendant Pastor was not aware of the alleged assault until after it occurred and does not allege he has faced an excessive risk of harm from any prison guard after he petitioned to have Defendant O'Neill punishment. *See* Dkt. 6. As such, Plaintiff has not shown Defendant Pastor took some adverse action against Plaintiff based on Plaintiff's exercise of his First Amendment rights. Further, Plaintiff has not alleged facts showing his speech was chilled by any alleged action taken by Defendant Pastor. Therefore, the Complaint fails to allege a retaliation claim against Defendant Pastor. Accordingly, the Court recommends the Motion to Dismiss be granted as to the retaliation claim against Defendant Pastor.

**II.  Defendant Daniels**

Plaintiff alleges Defendant Daniels is liable for "failing to compel the State[']s Prosecution office[ ] and the City of Pierce County Washington" to bring charges against Defendant O'Neill. Dkt. 6, p. 14. Plaintiff also contends Defendant Daniels did not provide a complete and accurate report of the alleged assault. *Id.* Plaintiff states this is a denial of his due process rights. *Id*.

A.  <u>Failure to Compel Prosecution</u>

"[T]he decision to file criminal charges is solely within the authority of prosecutors[.]" *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in public prosecutors"). As the decision to prosecute Defendant O'Neill is solely within the purview of the state prosecutor's office, Defendant Daniels had no authority or ability to compel a prosecutor's

1 office to bring criminal charges against Defendant O'Neill.  Therefore, Plaintiff has failed to

2 state a claim for which relief can be granted as to this claim. Accordingly, the Court recommends

3 the Motion to Dismiss be granted as to the claim against Defendant Daniels for failing to compel

4 criminal prosecution of Defendant O'Neill.

5       B.   <u>Failure to Provide Complete Report</u>

6       Plaintiff also contends Defendant Daniels failed to provide a complete and accurate

7 report of the alleged assault. *See* Dkt. 6, p. 14. "[I]nmates do not have a liberty interest in having

8 investigations conducted to their satisfaction." *Campbell v. Thaler*, 2012 WL 32959, at *4 (E.D.

9 Tex. Jan. 6, 2012); *Anthony v. County of Multnomah*, 2006 WL 278193, *3 (D. Or. Feb, 3, 2006)

10 (an inmate is not entitled to an investigation conducted in a certain manner). As Plaintiff is

11 challenging the investigative actions taken by Defendant Daniels, the Court recommends any

12 claim against the Defendant Daniels for failing to provide a complete and accurate report of the

13 alleged assault be dismissed pursuant to 28 U.S.C. § 1915(e).[3]

14     **III.**   **Defendant Pierce County**

15       Plaintiff alleges Defendant Peirce County failed to protect Plaintiff from Defendant

16 O'Neill. Dkt. 6, pp. 14-15. Plaintiff maintains the failure to protect constitutes retaliation and a

17 breach of duty. *Id.*

18       To state a claim against a municipality, Plaintiff must allege facts showing the

19 municipality's employees or agents acted through an official custom, pattern, or policy

20 permitting deliberate indifference to, or violating, Plaintiff's civil rights, or showing the

21 municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436

---

[3] Defendant Daniels did not address this allegation in the Motion to Dismiss. *See* Dkt. 23. However, under 28 U.S.C. § 1915(e)(2)(B)(ii), in a case proceeding *in forma pauperis*, the Court shall dismiss a claim "at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."

1  U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To
2  establish municipality liability under § 1983, Plaintiff must show: (1) a deprivation of a
3  constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate
4  indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the
5  constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v.
6  Harris*, 489 U.S. 378, 385-90 (1989). The Supreme Court has emphasized the unconstitutional
7  acts of a government agent standing alone cannot lead to municipal liability; there is no
8  *respondeat superior* liability under § 1983. *Monell*, 436 U.S. at 692.

9  Here, Plaintiff has not alleged facts showing Pierce County has a policy which amounts
10 to deliberate indifference to Plaintiff's constitutional rights. Plaintiff has also not alleged a policy
11 was the moving force behind the alleged constitutional violations. Rather, Plaintiff alleges
12 Defendant O'Neill, acting alone, assaulted him. Dkt. 6. After the alleged assault, prison officials
13 investigated the incident and Defendant O'Neill received a punishment equal to "a vacation of 15
14 day's (sic) from work[.]" *Id.* at pp. 7-8. As Plaintiff contends the alleged assault was investigated
15 and Defendant O'Neill was punished, the Court finds Plaintiff has not alleged Defendant Pierce
16 County established a policy which amounted to deliberate indifference and was the moving force
17 behind the alleged constitutional violations. Plaintiff has therefore failed to allege facts showing
18 Defendant Pierce County is liable under § 1983. Accordingly, the Court recommends the Motion
19 to Dismiss be granted as to the claims against Defendant Pierce County.

20  **IV.    Pierce County Sheriff's Department and Jail**

21  Plaintiff names the Pierce County Sheriff's Department and the Pierce County Jail as
22 Defendants in this action. Dkt. 6. Neither the Pierce County Sheriff's Department nor the Pierce
23 County Jail are legal entities capable of being sued under § 1983. Rather, Pierce County is the
24

proper Defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). As the Sheriff's Department and Jail are not proper parties and as Plaintiff has named Pierce County as a defendant in this action, the Court recommends Pierce County Sheriff's Department and Pierce County Jail be dismissed from this action pursuant to 28 U.S.C. § 1915(e).

**V.  Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

A.  Defendant Daniels

Plaintiff alleges Defendant Daniels is liable for failing to compel the prosecutor's office to prosecute Defendant O'Neill. Defendant Daniels has no authority to compel the prosecutor to act. *See* Section II.A., *supra*. Further, Plaintiff has no constitutional right to having an investigation completed in a manner he deems satisfactory. *Id.* at II.B. Therefore, the Court finds the deficiencies in the Complaint as to the allegations against Defendant Daniels cannot be overcome by amendment and recommends Defendant Daniels by dismissed from this action.

B.  Defendants Pastor and Pierce County

Plaintiff makes conclusory allegations stating Defendants Pastor and Pierce County were deliberately indifferent to an excessive risk of harm, but does not allege facts establishing a constitutional violation. While Plaintiff has not stated a claim for which relief can be granted as to either Defendant Pastor or Defendant Pierce County, it is not clear Plaintiff is unable to overcome the deficiencies of his pleading as to these two Defendants if he is given an opportunity to amend

1 the Complaint. The Court therefore recommends the Motion to Dismiss be granted; however,
2 Plaintiff should be given leave to file an amended complaint as to claims against Defendants
3 Pastor and Pierce County.

4     The Court notes, within the amended complaint, Plaintiff must write a short, plain
5 statement telling the Court: (1) the constitutional right Plaintiff believes was violated by
6 Defendants Pastor and Pierce County; (2) exactly what Defendants Pastor and Pierce County did
7 or failed to do; (4) how the action or inaction of Defendants Pastor and Pierce County is
8 connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury
9 Plaintiff suffered because of Defendants Pastor's and Pierce County's conduct. *See Rizzo v.*
10 *Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Plaintiff is advised an
11 amended pleading operates as a complete substitute for an original pleading. *See Ferdik v.*
12 *Bonzelet*, 963 F.2d 12258, 1262 (9th Cir. 1992).

13 **CONCLUSION**

14     For the foregoing reason, the Court finds Plaintiff has failed to a state claim for which
15 relief can be granted as to Defendants Pastor, Daniels, and Pierce County. The Court finds the
16 deficiencies of Plaintiff's claims against Defendant Daniels cannot be cured; however, Plaintiff
17 may be able to cure the deficiencies of the claims against Defendants Pastor and Pierce County.
18 Therefore, the Court recommends the following:

19     1.   Defendants Pastor, Daniels, and Pierce County's Motion to Dismiss be granted;
20     2.   Defendant Daniels be dismissed from this action;
21     3.   Defendants Pierce County Sheriff's Department and Pierce County Jail be dismissed
22        from this action; and

1     4. Plaintiff be given leave to file an amended complaint as to claims against Defendants

2         Pastor, Pierce County, and O'Neill only. [4]

3     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

4 Procedure, the parties shall have fourteen (14) days from service of this Report to file written

5 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

6 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

7 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 24,

8 2016, as noted in the caption.

9     Dated this 6th day of June, 2016.

                                                          David W. Christel
                                                          United States Magistrate Judge

---

[4] While Defendant O'Neill did not move to dismiss the claims alleged against him, if Plaintiff files an amended complaint it will act as a complete substitute to the original Complaint and therefore Plaintiff must include all claims against Defendant O'Neill in the amended complaint.

REPORT AND RECOMMENDATION - 12