UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK MACK MCCLOUD,<br><br>             Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY SHERIFF DEPT., PAUL A PASTOR, ALLEN O'NEILL, KAREN DANIELS, CITY OF TACOMA,<br><br>             Defendants. | CASE NO. 3:16-CV-05098-BHS-DWC<br><br>ORDER GRANTING LEAVE TO AMEND |

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On June 21, 2016, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion"), wherein Plaintiff seeks leave to file an amended complaint against Defendants Pastor, O'Neill, and Pierce County. Dkt. 40.[1]

      On June 6, 2016, the undersigned entered a Report and Recommendation recommending Defendants Daniels, Pastor, and Pierce County's Motion to Dismiss be granted. Dkt. 37. The

---

[1] On July 5, 2016, Defendants Daniels, Pastor, and Pierce County filed a Response to the Motion stating they did not object to Plaintiff filing an amended complaint. Dkt. 44. Defendant O'Neill has not filed a response to the Motion.

ORDER GRANTING LEAVE TO AMEND - 1

1  undersigned, however, recommended Plaintiff be allowed to file an amended complaint as to
2  Defendants Pastor, O'Neill, and Pierce County. *Id*. The Honorable Benjamin H. Settle, the
3  District Judge assigned to this case, adopted the Report and Recommendation on July 6, 2016,
4  and granted Plaintiff leave to file an amended complaint as to the allegations against Defendants
5  Pastor, O'Neill, and Pierce County. Dkt. 45.

6  Based on the Court's July 5, 2016 Order, Plaintiff's Motion is granted. Plaintiff is given
7  leave to file an amended complaint alleging claims against Defendants Pastor, O'Neill, and
8  Pierce County. Plaintiff must file the amended complaint on the form provided by the Court. The
9  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original
10 and not a copy, it should contain the same case number, and it may not incorporate any part of
11 the Complaint by reference. The amended complaint will act as a complete substitute for the
12 Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
13 1992). Further, the amended complaint should only include allegations against Defendants
14 Pastor, O'Neill, and Pierce County.

15 Within the amended complaint, Plaintiff must write a short, plain statement telling the
16 Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who
17 violated the right; (3) exactly what the individual did or failed to do; (4) how the action or
18 inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)
19 what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,
20 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Court notes, to establish
21 municipality liability under § 1983, Plaintiff must show: (1) a deprivation of a constitutional
22 right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to
23 Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional
24

1 | violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v. Harris*, 489

2 | U.S. 378, 385-90 (1989). Further, the unconstitutional acts of a government agent standing alone

3 | cannot lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell*

4 | *v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978).

5 |     Plaintiff is directed to file the amended complaint alleging claims against Defendants

6 | Pastor, O'Neill, and Pierce County on or before August 15, 2016. Defendants are directed to file

7 | an answer or other responsive pleading within 21 days of the filing of the amended complaint.

8 | The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil

9 | rights complaint.[2]

10 |     Dated this 14th day of July, 2016.

 

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

---

[2] Plaintiff also requests leave to file a motion requesting court-appointed counsel. *See* Dkt. 40. Plaintiff does not need the Court's permission to file a motion. Therefore, Plaintiff's request to file a motion for appointment of counsel is denied moot.

ORDER GRANTING LEAVE TO AMEND - 3