UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MACK MCCLOUD,

        Plaintiff,

    v.

PIERCE COUNTY SHERIFF DEPT.,
PAUL A PASTOR, ALLEN O'NEILL,
KAREN DANIELS,

        Defendants.

CASE NO. 3:16-CV-05098-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: September 30, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Mark Mack McCloud, proceeding *pro se* and *in forma pauperis*, filed this civil rights Amended Complaint on July 14, 2016.[1] Dkt. 49.

---

[1] On June 6, 2016, the undersigned recommended Plaintiff's claims against Defendants Pastor, Pierce County, and Karen Daniels be dismissed, but recommended Plaintiff be given leave to file an amended complaint as to the claims against Defendants Pastor, Pierce County, and Allen O'Neill. *See* Dkt. 37. The Report and Recommendation was adopted by the District Judge assigned to this case. Dkt. 45. Plaintiff was given leave to amend his Complaint and, on July 14, 2016, filed the Amended Complaint. Dkt. 49. The Amended Complaint is a complete substitute for the Original Complaint. *See* Dkt. 48.

REPORT AND RECOMMENDATION - 1

Presently pending before the Court is Defendants Paul Pastor and Pierce County's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(6) ("Motion to Dismiss"). Dkt. 50.[2, 3]

The Court concludes Plaintiff has failed to state a claim for which relief can be granted as to the allegations against Defendants Pastor and Pierce County. Accordingly, the Court recommends the Motion to Dismiss be granted and Defendants Pastor and Pierce County be dismissed from this action.

**BACKGROUND**

Plaintiff, a pre-trial detainee at the Pierce County Jail ("the Jail") during the relevant time, alleges his rights were violated when Defendant Allen O'Neill, a Pierce County Sheriff's Deputy, assaulted Plaintiff and refused to provide Plaintiff with medical care after the assault. Dkt. 49. Plaintiff states Defendant Paul Pastor, the Pierce County Sheriff, failed to properly train and supervise the deputies under his command. *Id*. at p. 4, ¶ 23. He also alleges Defendant Pierce County failed to protect Plaintiff from assault by its deputies. *Id*. at p. 4, ¶ 24.

Defendants Pastor and Pierce County filed the Motion to Dismiss on July 28, 2016. Dkt. 50. On the same date, these Defendants served Plaintiff with a copy of the Motion to Dismiss. *See id*. at p. 10; Dkt. 51. Plaintiff did not file a response to the Motion to Dismiss, and on August 18, 2016, Defendants Pastor and Pierce County filed a Reply stating Plaintiff had not responded to the Motion to Dismiss. Dkt. 53.

---

[2] Defendant O'Neill filed an Answer to the Amended Complaint on August 3, 2016 (Dkt. 52) and did not move to dismiss the Amended Complaint. The City of Tacoma was dismissed from this case on May 23, 2016, and Defendant Daniels was dismissed on July 6, 2016. Dkt. 33, 45.

[3] Also pending in this action are: Plaintiff's Motion for Production of Documents (Dkt. 32), Defendants Pastor and Pierce County's Motion to Stay Discovery (Dkt. 49), and Defendant O'Neill's Motion to Stay Discovery (Dkt. 41). These Motions will be addressed in a separate order by the Court. The Court also notes Plaintiff moved for summary judgment, which will be ready for the Court's consideration on September 16, 2016. Dkt. 55.

## STANDARD OF REVIEW

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

In his Complaint, Plaintiff alleges: (1) Defendant Pastor failed to properly train and supervise deputies under his command; and (2) Defendant Pierce County failed to protect Plaintiff from assault by its deputies. Dkt. 49. Defendants Pastor and Pierce County maintain Plaintiff failed to state a claim for which relief can be granted as to the claims alleged against them. Dkt. 50. The Court agrees.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**I.  Defendant Pastor**

In the Amended Complaint, Plaintiff alleges Defendant Pastor violated his constitutional rights when he failed "to properly train and supervise the deputies under his command." Dkt. 49, p. 4, ¶ 23. Plaintiff provided no additional factual support for this allegation. *See id.*[4]

A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). However, a plaintiff may state a supervisor liability claim against a supervisor for

---

[4] The Amended Complaint states only: "Failure of Defendant Paul A. Pastor, Sheriff of the Pierce County Sheriffs (sic) Department to properly train and supervise the Deputies under his command violated plaintiffs (sic) constitutional rights." Dkt. 49, p. 4, ¶ 23.

1 | deliberate indifference "based upon the supervisor's knowledge of and acquiescence in
2 | unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (9th
3 | Cir. 2011). A supervisor is only liable for the constitutional violations of his or her subordinates
4 | if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and
5 | failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

6 |     To impose supervisory liability for failure to train, the supervisor must have been
7 | "deliberately indifferent" to the need for "more or different training." *Clement v. Gomez,* 198
8 | F.3d 898, 905 (9th Cir. 2002). A plaintiff alleging a failure to train claim must show: (1) he was
9 | deprived of a constitutional right, (2) the defendant had a training policy that "amounts to
10 | deliberate indifference to the [constitutional] rights of the persons' with whom [his employees]
11 | are likely to come into contact;" and (3) his constitutional injury would have been avoided had
12 | the defendant properly trained those employees. *See Blankenhorn v. City of Orange*, 485 F.3d
13 | 463, 484 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

14 |     Here, Plaintiff provides only a vague, conclusory statement alleging Defendant Pastor
15 | failed to train and supervise the deputies under his command. Dkt. 49, p. 4, ¶ 23. Plaintiff does
16 | not allege Defendant Pastor participated in or directed the alleged excessive force used by
17 | Defendant O'Neill against Plaintiff. *Id.* Plaintiff also does not allege Defendant Pastor knew of
18 | the alleged constitutional violation and failed to prevent the violation from occurring. *Id*. Further,
19 | there are no factual assertions showing there was a training policy in place which amounted to
20 | deliberate indifference. *Id*. Plaintiff does not assert there was a need for more or different
21 | training, and the Amended Complaint contains no allegations Defendant Pastor was deliberately
22 | indifferent to a need for more training. For example, Plaintiff has not alleged there is a pattern of
23 | assaults by deputies under Defendant Pastor's command. *See Flores v. County of Los Angeles*,
24 |

REPORT AND RECOMMENDATION - 5

758 F.3d 1154, 1159 (9th Cir. 2014) ("pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train"). The Court also notes Plaintiff does not allege Defendant O'Neill is under Defendant Pastor's command or Defendant Pastor had any responsibility for training and supervising Defendant O'Neill. *Id.*

As Plaintiff has provided only vague, conclusory statements alleging Defendant Pastor violated his constitutional rights, he has failed to state a claim for which relief can be granted. *See Jones*, 733 F.2d at 649 (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *City of Canton,* 489 U.S. at 391 ("adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the [defendant] liable"). Therefore, the Court recommends the Motion to Dismiss be granted as to the claims against Defendant Pastor.

## II.    Defendant Pierce County

In the Amended Complaint, Plaintiff alleges Defendant Peirce County failed "to protect Plaintiff from assault by its deputies" in violation of his constitutional rights. Dkt. 49, p. 4, ¶ 24. Plaintiff provided no additional factual support of this allegation. *See id.* [5]

To state a claim against a municipality, Plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, Plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipality liability under § 1983, Plaintiff must show: (1) a deprivation of a

---

[5] The Amended Complaint states only: "Failure of Defendant Pierce County, to protect plaintiff from assault by its Deputies violates plaintiffs (sic) constitutional rights." Dkt. 49, p. 4, ¶ 24.

constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385-90. The Supreme Court has emphasized the unconstitutional acts of a government agent standing alone cannot lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell*, 436 U.S. at 692.

constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385-90. The Supreme Court has emphasized the unconstitutional acts of a government agent standing alone cannot lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell*, 436 U.S. at 692.

Here, Plaintiff has not alleged facts showing Pierce County has a policy which amounts to deliberate indifference to Plaintiff's constitutional rights. Plaintiff has also not alleged a policy was the moving force behind the alleged constitutional violations. Rather, Plaintiff alleges Defendant O'Neill, acting alone, assaulted him. Dkt. 49. As Plaintiff has not alleged Defendant Pierce County established a policy which amounted to deliberate indifference and was the moving force behind the alleged constitutional violations, Plaintiff has failed to allege facts showing Defendant Pierce County is liable under § 1983. Accordingly, the Court recommends the Motion to Dismiss be granted as to the claim against Defendant Pierce County.

**III.  Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff was provided with an opportunity to cure the deficiencies of his claims against Defendants Pastor and Pierce County. *See* Dkt. 37, 45, 48. Plaintiff was unable to overcome the deficiencies and the Court finds further leave to amend will not cure the deficiencies. Accordingly, the Court recommends Defendants Pastor and Pierce County be dismissed from this action.

# CONCLUSION

For the foregoing reason, the Court finds Plaintiff has failed to a state claim for which relief can be granted as to Defendants Pastor and Pierce County. The Court finds the deficiencies of Plaintiff's claims cannot be cured through further amendments. Therefore, the Court recommends the Motion to Dismiss be granted and Defendants Pastor and Pierce County be dismissed from this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 30, 2016, as noted in the caption.

Dated this 9th day of September, 2016.

David W. Christel
United States Magistrate Judge