UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MACK MCCLOUD,

    Plaintiff,

  v.

PIERCE COUNTY SHERIFF DEPT., PAUL A PASTOR, ALLEN O'NEILL, KAREN DANIELS, CITY OF TACOMA,

    Defendants.

CASE NO. 3:16-CV-05098-BHS-DWC

ORDER ON DISCOVERY MOTIONS

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Mark Mack McCloud's "Motion for Production of Documents and Memorandum of Appendice (sic) of Discovery in Support of Objection to Motion!" ("Motion for Discovery") (Dkt. 32), Defendants Pierce County and Paul Pastor's Motion to Stay Discovery (Dkt. 39), and Defendant Allen O'Neill's Motion to Stay Discovery (Dkt. 41).[1] After consideration of the pending Motions, the Court denies as moot

---

[1] Currently pending before the District Judge assigned to this case are: (1) Motion Objecting to Court Ruling (Dkt. 31) and (2) Report and Recommendation (Dkt. 56). Plaintiff also filed a Motion for Summary Judgment, which will be ready for the Court's consideration on September 16, 2016. Dkt. 55.

Plaintiff's Motion for Discovery, grants Defendants Pierce County and Pastor's Motion to Stay Discovery,[2] and denies Defendant O'Neill's Motion to Stay Discovery.

### I. Motion for Discovery (Dkt. 32)

In his Motion for Discovery, Plaintiff requests the production of numerous documents pursuant to Federal Rule of Civil Procedure 34. Dkt. 32.[3] Defendants responded and requested discovery "be pursued by the proper means[.]" Dkt. 34; *see* Dkt. 35. Based on Defendants' responses, the Court concludes Plaintiff is not attempting to compel discovery; rather, Plaintiff is attempting to serve discovery on Defendants.

Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through the Court. *See* Local Rule 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Plaintiff must mail discovery requests to Defendants' counsel. Accordingly, Plaintiff's Motion for Discovery is denied as moot.[4]

### II. Defendants' Motions to Stay Discovery (Dkt. 39, 41)

Defendants Pierce County and Pastor filed a Motion to Stay Discovery on June 20, 2016. Dkt. 39. On June 22, 2016, Defendant O'Neill filed a Motion to Stay Discovery. Dkt. 41. Both Motions to Stay Discovery move for discovery to be stayed because Defendants are entitled to qualified immunity. The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny

---

[2] The Motion to Stay Discovery was also filed on behalf of Defendant Karen Daniels; however, Defendant Daniels was dismissed from this case on July 6, 2016. *See* Dkt. 45.

[3] In his Motion for Discovery, Plaintiff attaches a memorandum "in support of Motion objecting court ruling to dismiss and to amend to include Pierce County." Dkt. 32, p. 3. The memorandum addresses a motion directed to the District Judge assigned to this case. *See* Dkt. 31, 32. Therefore, the Court will rule only on the request for production of documents as this is the only matter properly before the undersigned.

[4] The Court notes the discovery ends on October 19, 2016 (Dkt. 26) and any motion to extend the discovery deadline must be filed prior to that date.

1  or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery

2  while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989),

3  *amended at* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

4       At this time, Defendants Pierce County and Pastor's Motion to Dismiss is pending. *See*

5  Dkt. 50. The undersigned has recommended the Motion to Dismiss be granted and Defendants

6  Pierce County and Pastor be dismissed from this action. *See* Dkt. 56. Therefore, the Court finds it

7  appropriate to stay discovery regarding the claims against Defendants Pierce County and Pastor

8  pending the resolution of the September 9, 2016 Report and Recommendation. However,

9  Defendant O'Neill has not filed a dispositive motion and only raises the affirmative defense of

10 qualified immunity in his Answer. *See* Dkt. 52. As Defendant O'Neill does not have a dispositive

11 motion pending, the Court finds staying discovery as to Defendant O'Neill is not appropriate at

12 this time.

13      Accordingly, Defendants Pierce County and Pastor's Motion to Stay Discovery is

14 granted. Defendant O'Neill's Motion to Stay Discovery is denied without prejudice.

15      Dated this 9th day of September, 2016.

                                     David W. Christel
                                     United States Magistrate Judge