UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK MACK MCCLOUD,<br><br>                 Plaintiff,<br><br>v.<br><br>PIERCE COUNTY SHERIFF DEPT., et al.,<br><br>                 Defendant. | CASE NO. C16-5098 BHS-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 28), and Plaintiff's objections to the R&R (Dkt. 31).

On March 17, 2016, the City of Tacoma filed a motion to dismiss. Dkt. 12. On April 11, 2016, Plaintiff responded. Dkt. 21. On April 12, 2016, the City of Tacoma replied. Dkt. 22. On April 28, 2016, Judge Christel issued his R&R, recommending any claims against the City of Tacoma be dismissed. Dkt. 28.

On May 13, 2016, Plaintiff objected to the R&R. Dkt. 31. The objection was placed on the Court's docket in a manner that improperly referenced an order (Dkt. 29)

other than the R&R. *See* Dkt. 31, minute entry. On May 33, 2016, unaware of Plaintiff's objections, the Court entered an order adopting the R&R which stated: "The Court having considered the R&R and the remaining record, and no objections having been filed, does hereby [adopt the R&R]." Dkt. 33.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Plaintiff argues that Judge Christel should have granted leave to amend the Complaint when dismissing Plaintiff's claims against the City of Tacoma. *See* Dkt. 31. However, Plaintiff's complaint arises entirely from the conditions of his confinement in Pierce County Jail and, as Judge Christel noted, "[t]he City of Tacoma and Pierce County are two separate municipalities and the factual allegations supporting Plaintiff's Complaint do not implicate the City of Tacoma in any manner." Dkt. 28 at 4. *See also* Dkts. 6, 6-1. Moreover, even in his objection to the R&R, Plaintiff seeks only "[t]o replace and include Pierce County Washington, in place of City of Tacoma," seemingly acknowledging that he does not allege claims against the City. Dkt. 31 at 4.

"[A]  pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Judge Christel properly determined that Plaintiff's cause of action had nothing to do with the City of

Tacoma, as demonstrated by the complaint and the documents incorporated therein. Dkts. 6, 6-1. Therefore, any claims against the City of Tacoma were properly dismissed.

Regardless, Plaintiff's proposed amendment and objection is now moot. Plaintiff initially named Pierce County Sheriff's Department as a defendant. Although naming the Sheriff's Department was improper, Judge Christel granted Plaintiff leave to amend his complaint to name Pierce County and this error was corrected. *See* Dkt. 37 at 9–10; Dkt. 48; Dkt. 49. Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

1. The Court's previous order (Dkt. 33) is **VACATED**;
2. Plaintiff's objection (Dkt. 31) is **DENIED** and the R&R (Dkt. 28) is **ADOPTED**; and
3. Defendant City of Tacoma's motion to dismiss (Dkt. 12) is **GRANTED** and the claims against it are **DISMISSED**.

Dated this 10th day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge